1
2
3
4
5
6

Abbas Kazerounian, State Bar No. 249203
ak@kazlg.com
Veronica Cruz, State Bar No. 318648
veronica@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

7

Attorneys for Plaintiff, DILICIA FLOYD

8
9
10
11
12

AMY S. RAMSEY, Bar No. 315981
aramsey@littler.com
ALYSSA S. GJEDSTED, Bar No. 284588
agjedsted@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

13
14

Attorneys for Defendant, WAYFAIR LLC

15

16

UNITED STATES DISTRICT COURT

17

CENTRAL DISTRICT OF CALIFORNIA

18

19

DILICIA FLOYD,

20

Plaintiff,

21

v.

22
23

WAYFAIR LLC, a company; and
KELLY SERVICES, INC., a
corporation,

24

Defendants.

25

Case No.  5:19-cv-01479-JFW (SPx)

**STIPULATED PROTECTIVE ORDER**

26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER

1.      A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

The Court may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense . . . Fed. R. Civ. Proc. 26(c)(1).  This matter arises from WAYFAIR LLC's ("Defendant") alleged failure to hire DILICIA FLOYD ("Plaintiff") based on her sex/gender.

Accordingly, this action is likely to involve highly private information, including Plaintiff's personnel file, application for employment, and any and all documents and communications concerning her prospective employment with Defendant. It may also involve information pertaining to Defendant's trade secrets and/or proprietary information that is highly confidential. Additionally, it is expected that documents may also contain information implicating privacy rights of third parties of Defendants' current and former employees including their personnel files, addresses, telephone numbers, and other private contact information.  In order to protect the parties from embarrassment and oppression as a result of those records, the parties seek a stipulated protective order.  The information is generally unavailable to the public, or which may

STIPULATED PROTECTIVE ORDER          2.

1  be privileged, or otherwise protected from disclosure under state or federal statutes,

2  court rules, case decisions, or common law.

3  Therefore, to expedite the flow of information, to facilitate the prompt resolution

4  of disputes over confidentiality of discovery materials, to adequately protect

5  information the parties are entitled to keep confidential, to ensure the parties are

6  permitted reasonable necessary uses of such material in preparation for and in the

7  conduct of trial, to address their handling at the end of the litigation, and serve the ends

8  of justice, a protective order for such information is justified in this matter.  It is the

9  intent of the parties that information will not be designated as confidential for tactical

10 reasons and that nothing be so designated without a good faith belief that it has been

11 maintained in a confidential, non-public manner, and that there is good cause why it

12 should not be part of the public record of this case.

13 2.    DEFINITIONS

14 2.1    Action: This pending federal lawsuit. Case No. 5:19-cv-01479-JFW (SPx).

15 2.2    Challenging Party: a Party or Non-Party that challenges the designation of

16 information or items under this Order.

17 2.3    "CONFIDENTIAL" Information or Items: information (regardless of how

18 it is generated, stored or maintained) or tangible things that qualify for protection under

19 Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

20 Statement.

21 2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their

22 support staff).

23 2.5    Designating Party: a Party or Non-Party that designates information or

24 items that it produces in disclosures or in responses to discovery as

25 "CONFIDENTIAL."

26 2.6    Disclosure or Discovery Material: all items or information, regardless of

27 the medium or manner in which it is generated, stored, or maintained (including, among

28 other things, testimony, transcripts, and tangible things), that are produced or generated

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER          3.

1  in disclosures or responses to discovery in this matter.

2      2.7  <u>Expert</u>: a person with specialized knowledge or experience in a matter

3  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

4  expert witness or as a consultant in this Action.

5      2.8  <u>House Counsel</u>: attorneys who are employees of a party to this Action.

6  House Counsel does not include Outside Counsel of Record or any other outside

7  counsel.

8      2.9  <u>Non-Party</u>: any natural person, partnership, corporation, association, or

9  other legal entity not named as a Party to this action.

10      2.10  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to

11  this Action but are retained to represent or advise a party to this Action and have

12  appeared in this Action on behalf of that party or are affiliated with a law firm which

13  has appeared on behalf of that party, and includes support staff.

14      2.11  <u>Party</u>: any party to this Action, including all of its officers, directors,

15  employees, consultants, retained experts, and Outside Counsel of Record (and their

16  support staffs).

17      2.12  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

18  Discovery Material in this Action.

19      2.13  <u>Professional Vendors</u>: persons or entities that provide litigation support

20  services (e.g., photocopying, videotaping, translating, preparing exhibits or

21  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

22  their employees and subcontractors.

23      2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is

24  designated as "CONFIDENTIAL."

25      2.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

26  from a Producing Party.

27  3.  <u>SCOPE</u>

28      The protections conferred by this Stipulation and Order cover not only Protected

STIPULATED PROTECTIVE ORDER    4.

Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER          5.

1   If it comes to a Designating Party's attention that information or items that it

2   designated for protection do not qualify for protection, that Designating Party must

3   promptly notify all other Parties that it is withdrawing the inapplicable designation.

4   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

5   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

6   or ordered, Disclosure or Discovery Material that qualifies for protection under this

7   Order must be clearly so designated before the material is disclosed or produced.

8   Designation in conformity with this Order requires:

9   (a)   for information in documentary form (e.g., paper or electronic

10   documents, but excluding transcripts of depositions or other pretrial or trial

11   proceedings), that the Producing Party affix at a minimum, the legend

12   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

13   contains protected material. If only a portion or portions of the material on a page

14   qualifies for protection, the Producing Party also must clearly identify the protected

15   portion(s) (e.g., by making appropriate markings in the margins).

16   A Party or Non-Party that makes original documents available for inspection

17   need not designate them for protection until after the inspecting Party has indicated

18   which documents it would like copied and produced. During the inspection and before

19   the designation, all of the material made available for inspection shall be deemed

20   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

21   copied and produced, the Producing Party must determine which documents, or portions

22   thereof, qualify for protection under this Order. Then, before producing the specified

23   documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

24   that contains Protected Material. If only a portion or portions of the material on a page

25   qualifies for protection, the Producing Party also must clearly identify the protected

26   portion(s) (e.g., by making appropriate markings in the margins).

27   (b)   for testimony given in depositions that the Designating Party

28   identify the Disclosure or Discovery Material on the record, before the close of the

STIPULATED PROTECTIVE ORDER        6.

1  deposition all protected testimony.

2  (c)  for information produced in some form other than documentary and

3  for any other tangible items, that the Producing Party affix in a prominent place on the

4  exterior of the container or containers in which the information is stored the legend

5  "CONFIDENTIAL." If only a portion or portions of the information warrants

6  protection, the Producing Party, to the extent practicable, shall identify the protected

7  portion(s).

8  5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

9  failure to designate qualified information or items does not, standing alone, waive the

10  Designating Party's right to secure protection under this Order for such material.

11  Upon timely correction of a designation, the Receiving Party must make reasonable

12  efforts to assure that the material is treated in accordance with the provisions of this

13  Order.

14  6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

15  6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

16  designation of confidentiality at any time that is consistent with the Court's Scheduling

17  Order.

18  6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

19  resolution process under Local Rule 37.1 et seq.

20  6.3  The burden of persuasion in any such challenge proceeding shall be on the

21  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

22  to harass or impose unnecessary expenses and burdens on other parties) may expose the

23  Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn

24  the confidentiality designation, all parties shall continue to afford the material in

25  question the level of protection to which it is entitled under the Producing Party's

26  designation until the Court rules on the challenge.

27  7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

28  7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER          7.

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER          8.

1  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will
2  not be permitted to keep any confidential information unless they sign the
3  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed
4  by the Designating Party or ordered by the court. Pages of transcribed deposition
5  testimony or exhibits to depositions that reveal Protected Material may be separately
6  bound by the court reporter and may not be disclosed to anyone except as permitted
7  under this Stipulated Protective Order; and

8      (i)    any mediator or settlement officer, and their supporting personnel,
9  mutually agreed upon by any of the parties engaged in settlement discussions.

10  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
11  OTHER LITIGATION

12      If a Party is served with a subpoena or a court order issued in other litigation that
13  compels disclosure of any information or items designated in this Action as
14  "CONFIDENTIAL," that Party must:

15      (a)    promptly notify in writing the Designating Party. Such notification shall
16  include a copy of the subpoena or court order;

17      (b)    promptly notify in writing the party who caused the subpoena or order to
18  issue in the other litigation that some or all of the material covered by the subpoena or
19  order is subject to this Protective Order. Such notification shall include a copy of this
20  Stipulated Protective Order; and

21      (c)    cooperate with respect to all reasonable procedures sought to be pursued
22  by the Designating Party whose Protected Material may be affected.

23      If the Designating Party timely seeks a protective order, the Party served with the
24  subpoena or court order shall not produce any information designated in this action as
25  "CONFIDENTIAL" before a determination by the court from which the subpoena or
26  order issued, unless the Party has obtained the Designating Party's permission. The
27  Designating Party shall bear the burden and expense of seeking protection in that court
28  of its confidential material and nothing in these provisions should be construed as

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER        9.

1    authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive
2    from another court.

3    9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED</u>
4    <u>IN THIS LITIGATION</u>

5        (a)    The terms of this Order are applicable to information produced by a Non-
6    Party in this Action and designated as "CONFIDENTIAL." Such information produced
7    by Non-Parties in connection with this litigation is protected by the remedies and relief
8    provided by this Order. Nothing in these provisions should be construed as prohibiting
9    a Non-Party from seeking additional protections.

10       (b)    In the event that a Party is required, by a valid discovery request, to
11   produce a Non-Party's confidential information in its possession, and the Party is
12   subject to an agreement with the Non-Party not to produce the Non-Party's confidential
13   information, then the Party shall:

14          (1)    promptly notify in writing the Requesting Party and the Non-Party
15   that some or all of the information requested is subject to a confidentiality agreement
16   with a Non-Party;

17          (2)    promptly provide the Non-Party with a copy of the Stipulated
18   Protective Order in this Action, the relevant discovery request(s), and a reasonably
19   specific description of the information requested; and

20          (3)    make the information requested available for inspection by the Non-
21   Party, if requested.

22       (c)    If the Non-Party fails to seek a protective order from this court within 14
23   days of receiving the notice and accompanying information, the Receiving Party may
24   produce the Non-Party's confidential information responsive to the discovery request.
25   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce
26   any information in its possession or control that is subject to the confidentiality
27   agreement with the Non-Party before a determination by the court.  Absent a court order
28   to the contrary, the Non-Party shall bear the burden and expense of seeking protection

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER          10.

1  in this court of its Protected Material.

2  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4  Protected Material to any person or in any circumstance not authorized under this

5  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

6  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

7  all unauthorized copies of the Protected Material, (c) inform the person or persons to

8  whom unauthorized disclosures were made of all the terms of this Order, and (d) request

9  such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

10  that is attached hereto as Exhibit A.

11  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12  PROTECTED MATERIAL

13  When a Producing Party gives notice to Receiving Parties that certain

14  inadvertently produced material is subject to a claim of privilege or other protection,

15  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

16  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

17  may be established in an e-discovery order that provides for production without prior

18  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

19  parties reach an agreement on the effect of disclosure of a communication or

20  information covered by the attorney-client privilege or work product protection, the

21  parties may incorporate their agreement in the stipulated protective order submitted to

22  the court.

23  12.   MISCELLANEOUS

24  12.1   Right to Further Relief. Nothing in this Order abridges the right of any

25  person to seek its modification by the Court in the future.

26  12.2   Right to Assert Other Objections. By stipulating to the entry of this

27  Protective Order no Party waives any right it otherwise would have to object to

28  disclosing or producing any information or item on any ground not addressed in this

STIPULATED PROTECTIVE ORDER        11.

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER        12.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED      November 21, 2019

4

5
     _/s/ Veronica Cruz_
6    ABBAS KAZEROUNIAN, ESQ.
7    VERONICA CRUZ, ESQ.
     Attorneys for Plaintiff DILICIA FLOYD
8

9

10   DATED      November 21, 2019

11

12   _/s/ Alyssa S. Gjedsted_
13   AMY S. RAMSEY
     ALYSSA S. GJEDSTED
14   Attorneys for Defendant WAYFAIR LLC

15

16

17   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19   DATED    November 22, 2019

20

21

22   Sheri Pym
23   United States District/Magistrate Judge

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER        13.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of **DILICIA FLOYD v. WAYFAIR LLC, et al., Case No. 5:19-cv-01479-JFW (SPx).** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER          14.